## Case No. 6,562.

### In re HODGES.

### [11 N. B. R. 369.] [1]

### District Court, D. Minnesota. 1875.

BANKRUPTCY — SERVICE OF ORDER OUT OF JURISDICTION—POWER TO ISSUE ATTACHMENT.

The defendant was adjudged a bankrupt upon his own petition, and some months thereafter an order of examination was obtained, requiring him to appear before the register having charge of the case, at his office in St. Paul, Minnesota. The order was served on the bankrupt at the city of Chicago, Illinois. He failed to appear, and a motion was made for an attachment and warrant of arrest to bring him before the court to answer for a contempt. *Held*, that where there is a willful absence from the district, the court has no power to institute criminal proceedings by issuing an attachment, unless the personal service of the order for the examination is made within its jurisdiction.

The defendant [Joseph Hodges] was adjudged a bankrupt on the 13th day of February, 1874, upon his own petition. On the 2d day of November, 1874, the assignee of his estate obtained an order, in pursuance of section 26 of the bankrupt act [of 1867 (14 Stat. 529)], for an examination of the bankrupt, which required his appearance before Albert Edgerton, Esq., register in bankruptcy, at his office in the city of St. Paul, November 19, 1874. This order was served on the bankrupt personally on November 7th, at the city of Chicago, in the state of Illinois. The bankrupt failed to appear as required by the order, and a motion is made for an attachment and warrant of arrest to bring the bankrupt before the court to answer for a contempt. Notice was given the bankrupt's solicitors.

---

[1] [Reprinted by permission.]

W. E. Hale, assignee, in person.
Lochren, McNair & Gilfillan, for bankrupt.

NELSON, District Judge. The first clause of section 26 of the bankrupt act authorizes the examination of the bankrupt, under oath, at all times, upon reasonable notice; a subsequent clause of the section makes an exception in regard to the manner of taking this examination in cases where the bankrupt may be imprisoned, absent, or disabled from attendance. When such disability exists, the court may direct the examination to be taken at such time and place as it may deem proper. In all cases, however, the bankrupt must obey the order for an examination, as made by the court; that is, if he is within the district, and under none of the disabilities above specified, he must appear before the court (or a register); and where, for the reasons above stated, he cannot so appear, his examination must be taken at the time and place, and in the manner designated by the court. The order for such examination is prescribed in form No. 45, and is a summons, or subpoena. There must be reasonable notice given the bankrupt in all cases; and as no mention is made of the manner of giving this notice in this section, I see no reason for departing from the usual practice in like cases in civil actions. The service should be personal, and if it is made within the jurisdiction of the court, and the bankrupt fails to appear and testify, he can be punished for a contempt of court. The law is imperative that the bankrupt shall, at all times, until his discharge, be subject to the order of the court; but if there is a willful absence from the district, the court has no power to institute criminal proceedings by issuing an attachment, unless, perhaps, the personal service of the order for the examination is made within its jurisdiction.

Whether in a case where the order was personally served within the district, and the bankrupt departed therefrom, and willfully defaulted, an attachment could be served upon him, and a legal arrest for contempt be made beyond the district, it is not necessary to decide. In this case the order to appear and testify was not served within this district, and this court has no authority to arrest the bankrupt in the district of Illinois for contempt in not appearing to answer such process. The 26th section does not expressly authorize the summons to run into another district so as to give the court jurisdiction of the person of the bankrupt, and no other law of congress has been invoked which confers upon this court such authority in cases of this character. The district court, in the exercise of its common law, equity, and admiralty jurisdiction, has no such authority, unless in cases where it may have been expressly granted (Ex parte Graham [Case No. 5,657]), and there are no provisions in the bankrupt law by which it is conferred. The court, however, can refuse to

grant a discharge to the bankrupt for the failure to obey the order for examination: and inasmuch as the chief motive of the debtor who files his petition in bankruptcy is to obtain a discharge from his present indebtedness, he will ordinarily conform to all the orders made by the court. It is intimated by the bankrupt's counsel that he has no disposition to evade an examination, and is willing to submit to one; but residing at present in the city of Chicago, he cannot without great pecuniary loss return to this district for that purpose. Should the assignee desire his examination in Chicago, I will modify the original order, and designate a register before whom it may be taken. The motion, however, to declare the bankrupt in contempt, and for an attachment and warrant of arrest, is denied.

---

HODGES (CORCORAN v.).  See Case No. 3,228.

HODGES (EASTON v.).  See Case No. 4,258.

HODGES (JONES v.).  See Case No. 7,469.

HODGES (UNITED STATES v.).  See Case No. 15,374.

HODGKIN v. The HIGHLANDER.  See Case No. 6,476.

HODGKIN (UNITED STATES v.).  See Case No. 15,375.